BRUNE (UNITED STATES v.). See Case No. 14,677.]

## Case No. 2,054.

### BRUNENT v. TABER.

[1 Spr. 243;[1] 18 Law Rep. 685.]

District Court, D. Massachusetts. Aug. Term, 1854.

SEAMEN—WAGES—INJURY IN SERVICE OF THE SHIP

1. Where a seaman, disabled in the service of a whaling ship, is necessarily left abroad, he is to be paid from the ultimate proceeds, the same proportion of his lay for the whole voyage, as the time he served was of the time of the whole voyage.

[Cited in Callon v. Williams, Case No. 2,324; Worth v. Steamboat Lioness No. 2, 3 Fed. 925; Boulton v. Moore, 14 Fed. 926.]

2. In such case, the seaman is entitled to recover the expenses of his return.

[Cited in Antone v. Hicks, Case No. 493; Worth v. Steamboat Lioness No. 2, 3 Fed. 925.]

3. The payment by the master, of three months' extra wages, does not exonerate the vessel from the obligation to pay for his return.

4. Nor is such payment to be charged to the seaman, if he has received no benefit therefrom.

[Cited in Callon v. Williams, Case No. 2,324.]

5. He was entitled to be cured at the expense of the ship.

[Cited in The Ben Flint, Case No. 1,299.]

[See note at end of Case No. 1,992.]

[6. Cited in Coffin v. Weld, Case No. 2,953, to the point that, unless the consul acts within statutory authority, settlements of wages and other terms of discharge made by or with his authority may be inquired into or varied.]

[In admiralty. Libel for wages. Decree for libellant.]

C. G. Thomas, for libellant.
Eliot & Pitman, for respondent.

SPRAGUE, District Judge. The libellant, while serving as a mariner on a whaling voyage, was injured by a blow from a whale,

so as to be unable to render further service. The vessel afterwards went into one of the Sandwich Islands, where he was sent to the hospital, and discharged from the ship, by the captain and the American consul, for sickness, and paid the sum of $16, as the balance due to him for his services. In ascertaining this balance, the oil which had been taken was valued at a certain price per gallon, and the bone at a certain price per pound, and he was allowed his proportion, according to his lay in the shipping articles. There was no such discharge, or settlement, as would bind the libellant, or deprive him of any rights, further than compensation was actually received. As to the discharge, the certificate of the consul states, that certain men were discharged by their own consent, and others, including the libellant, by reason of sickness. And the captain's testimony shows, that no option was left to the libellant, either as to the discharge or settlement, but that the captain and consul made up the account, without consulting him, and paid over what they stated to be the balance. he then being entirely helpless. By the terms of the shipping articles, and the usage which has been proved, the libellant was entitled to be paid from the ultimate proceeds, the same proportion of his lay for the whole voyage, as the time he served was of the time of the whole voyage, and to that mode of settlement he is now entitled, deducting what he has actually received.

The libellant originally shipped as steward, from which station he was rightfully removed, and put in the place of a common seaman, who was made steward in his stead. For the time he served as steward, he is to have the lay for which he stipulated in the articles, and for the residue of the time, the lay of the seaman whose place he took. He was so severely injured in the service of the ship, that he was necessarily left in the hospital abroad, and the vessel returned home without him. After remaining some time in the hospital, he left it, not cured, but lame for life, by a dislocation of the hip which can never be reduced. He remained some time at the Sandwich Islands, and then returned home. Is he entitled to recover from the owners the expenses of his return? I think that he is, upon the principles of the maritime law, and the laws and policy of the United States, for securing the return of American seamen. A seaman is entitled to the expenses of his return, when discharged abroad, even when the discharge is not wrongful on the part of the master, but from necessity, as in the case of semi naufragium. At the time of the discharge, the captain gave to the consul $36 for three months' wages, but the discharge of the seaman not being by his consent, the captain could not thereby relieve the ship from the obligation to provide for his return. It does not appear that the libellant received any part of the amount paid to the consul, or has been in any

---

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

manner benefited thereby. He was entitled to be cured at the expense of the ship, but has made no claim on that ground. Decree for libellant.